IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ROBERT DEAN WIESE,** | ) | **CASE NO. 4:08CV3184** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **DENNIS BAKEWELL, Warden,** | ) | |
| Nebraska State Penitentiary, and | ) | |
| **ROBERT HOUSTON, Director,** | ) | |
| Nebraska Department of Correctional | ) | |
| Services, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Respondents' Motion for Summary Judgment. (Filing No. 7.) In support of their Motion, Respondents filed a Brief, Reply Brief, and relevant State Court Records. (Filing Nos. 8, 9, and 11.) Petitioner Robert Dean Wiese ("Wiese") filed an Opposition to the Motion. (Filing No. 10.) As set forth below, Respondents' Motion is granted.

Liberally construing the allegations of Wiese's Petition for Writ of Habeas Corpus (Filing No. 1), he argues that the Petition should be granted because:

Claim One: Petitioner's conviction was obtained as a result of ineffective assistance of counsel *because* Petitioner's trial counsel elicited testimony unfavorable to Petitioner, did not rebut or impeach victim's "descriptions of wart or mark on [Petitioner's] body when [Petitioner] testified he had no such deformity," did not object to the prosecution's cross-examination of Petitioner regarding "drawing disability" or Petitioner's "last job being in 1994," and did not object or move for a mistrial when the prosecution alleged facts during closing arguments that were "not supported by the evidence presented."

Claim Two: Petitioner's conviction was obtained as a result of ineffective assistance of counsel *because* Petitioner's appellate counsel did not address the overruled

|  |  |
|---|---|
|  | objection "concerning having an affair with a neighbor" on direct appeal. |
| Claim Three: | Petitioner's conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to Petitioner *because* the prosecution withheld photographs that would have "discredited the prosecution's witnesses' testimony and validated testimony presented by Petitioner." |

(Filing No. 5 at CM/ECF p. 1.)

## I.  BACKGROUND

On July 28, 1998, after a jury trial, Wiese was found guilty of one count of Sexual Assault on a Child and two counts of First Degree Sexual Assault. (Filing No. 9-3, Attach. 2, at CM/ECF pp. 1-2.) Wiese was thereafter sentenced to serve two to four years on the Sexual Assault on a Child count and 10 to 20 years on each of the First Degree Sexual Assault counts. (Filing No. 9-4, Attach. 3, at CM/ECF p. 1.) Wiese, through counsel, filed a timely direct appeal. (Filing No. 9-6, Attach. 5, at CM/ECF p. 2.) The Nebraska Court of Appeals affirmed Wiese's conviction and sentence on July 27, 1999. (*Id.*) Wiese did not file a petition for further review with the Nebraska Supreme Court, and the Nebraska Supreme Court issued the mandate to the Buffalo County, Nebraska District Court on August 31, 1999. (*Id.*)

Wiese filed a Verified Motion for Post-Conviction Relief ("Post Conviction Motion") in the District Court of Buffalo County, Nebraska on August 29, 2001. (Filing No. 9-2, Attach. 1, at CM/ECF pp. 1-23.) The Buffalo County, Nebraska District Court denied the Post Conviction Motion, and Wiese filed a timely appeal of that decision. (Filing No. 9-9, Attach. 8, at CM/ECF p. 2.) After remand and a second appeal, the Nebraska Court of Appeals affirmed the denial of post-conviction relief on May 25, 2007. (Filing No. 9-11,

Attach. 10, at CM/ECF p. 2.) The Nebraska Supreme Court denied the second post-conviction petition for further review and the mandate issued to the Buffalo County, Nebraska District Court on September 10, 2007. (*Id.*)

Wiese filed his Petition in this court on August 26, 2008. (Filing No. 1.) Respondents thereafter filed their Motion for Summary Judgment, arguing that Wiese's Petition is barred by the relevant statute of limitations. (Filing No. 8.) In opposition, Wiese states that his failure to file his Petition within one year should be excused due to the ineffective assistance of counsel and his ignorance of the limitations period. (Filing No. 10.)

## II. ANALYSIS

### A. Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)). This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Riddle v. Kemna*, 523 F.3d 850, 852 (8th Cir. 2008) (indicating that a postconviction case is pending, and the limitations period is tolled, from the filing of the postconviction motion until the mandate issues). Here, there is no indication that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D). The issue, therefore, is whether the Petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The limitations period began to run on August 31, 1999, when the mandate was issued and Petitioner's direct criminal appeal became final. *See, e.g.*, *Riddle*, 523 F.3d at 852 (holding that the petitioner's direct appeal became final, and the one-year limitations period began to run, on the date that the Missouri Court of Appeals issued its mandate where no appeal to the court of last resort was filed). Thus, Wiese had one year, or until August 31, 2000, to file a petition in this court. Alternatively, if Wiese filed a state post-conviction motion prior to August 31, 2000, the limitations period would be tolled. Wiese did not file his Post Conviction Motion until August 29, 2001. (Filing No. 9-2, Attach. 1, at CM/ECF pp. 1-23.) Wiese did not file his Petition in this court until August 26, 2008. (Filing No. 1.) Even though the time during the pendency of the Post Conviction Motion

does not count, that motion was not filed until nearly a year after the statute of limitations *had already expired* and therefore does not toll the statute of limitations. In light of this, the court finds that Wiese's Petition was not timely filed.

### B.     Equitable Tolling

Wiese argues that the untimeliness of his Petition should be excused. (Filing No. 10.) The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g.*, *Riddle v. Kemna*, 523 F.3d at 857. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 808, 805 (8th Cir. 2001)).

Wiese argues that equitable tolling should be applied in this case because his attorney failed to inform him of the statute of limitations. Wiese also claims that he was unaware of, or had a mistaken understanding of, the one-year statute of limitations. (Filing No. 10 at CM/ECF pp. 2-4.) Ineffective assistance of counsel does not ordinarily warrant equitable tolling. *Walker v. Norris*, 436 F.3d 1026, 1033 (8th Cir. 2006). Further, equitable tolling is not appropriate simply because the petitioner has a "lack of legal knowledge or legal resources." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). It is clear that Wiese has not pursued his rights diligently, nor does it appear that any extraordinary circumstance stood in Wiese's way of timely filing his Petition. The court finds that

equitable tolling does not apply and Wiese's Petition is barred by AEDPA's statute of limitations.

    IT IS THEREFORE ORDERED that:

1. Petitioner Robert Dean Wiese's Petition for Writ of Habeas Corpus (Filing No. 1) is denied in all respects and this action is dismissed with prejudice; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 4th day of February, 2009.

                                            BY THE COURT:

                                            s/Laurie Smith Camp
                                            United States District Judge